Mark **FRANKS**, Plaintiff,

v.

Glenn **THOMPSON**, Warden of the Medical and Diagnostic Center, Mt. Meigs, Alabama, et al., Defendants.

Civ. A. No. 3855–N.

United States District Court,
M. D. Alabama, N. D.

March 27, 1973.

————◆————

Alfred W. Goldthwaite, Montgomery, Ala., for plaintiff.

William Oldacre, Hill, Hill, Stovall, Carter & Franco, Montgomery, Ala., for Mracek.

William J. Baxley, Atty. Gen. of Alabama, William G. McKnight, Asst. Atty. Gen., Montgomery, Ala., for Thompson & McGlothern.

Charles Stakely, Rushton, Stakely, Johnston & Garrett, Montgomery, Ala., for Chambless.

## SUMMARY JUDGMENT

VARNER, District Judge.

This is a suit by Mark Franks, a prisoner in custody of the State of Alabama, for violation of his constitutional rights by mistreatment of wounds he received in attempting to escape from the state prison system. The cause is now submitted to this Court on motion for summary judgment filed by the Defendant Mracek. By virtue of the pleading and the affidavits and the evidence submitted to this Court at this point, it appears that Dr. Mracek is a superior officer of those persons who were allegedly personally responsible for violation of Plaintiff's constitutional rights in regard to his treatment for the gunshot wounds in question.

This Court has been troubled in its consideration of this matter by inclusion in the answer of the Defendant Mracek of many pages of illegible hospital or prison records which may or may not have anything to do with the contentions of the said Defendant Mracek in regard to his motion for summary judgment. However, in view of the nature of the answer of the Plaintiff to the Defendant Mracek's motion for summary judgment, this Court has a duty to assume that the said records have no bearing on the matters in issue and to, therefore, disregard said records in making its determination of the issues raised by the motion for summary judgment. Rule 56, Federal Rules of Civil Procedure.

The allegations concerning the said Defendant Mracek are the following:[1]

That on or about the 20th day of September, 1972,[2] the Plaintiff, while attempting to escape from the Atmore Prison, was shot in "the right leg, left hip, left elbow, in the back, and in the spine; that thirty minutes after being shot, during which time he lay in an open field, Plaintiff was given medication at Atmore and was brought to the Mt. Meigs Diagnostic Center on the same day, that is, to-wit: the 20th day of September, 1972, ar-

---

1. The allegations clearly not involving the actions of the Defendant Mracek have been eliminated herefrom except where necessary to effect continuity of allega-

tions which may possibly involve the Defendant Mracek.

2. The hospital records tend to show that this date is incorrect.

riving at approximately 4:00 P.M. on that day; that upon his arrival at Mt. Meigs Diagnostic Center no doctor was available to treat the Plaintiff and the Plaintiff was not seen by a doctor for eighteen hours thereafter until on or about 10:00 A.M. the 21st day of September, 1972. Plaintiff was seen at that time by the Defendant, Dr. W. H. Chambless, who placed the Plaintiff on pain medication. Subsequent thereto, the plaintiff was placed in a lock-up cell for fourteen days, said lock up cell being a 4 feet by 7 feet with a bunk and commode taking up most this space; during that period the defendant Dr. Chambless only saw him one time during which time Dr. Chambless prescribed more pain medication; that after two weeks the pain medication at Mt. Meigs Diagnostic Center was depleted and the plaintiff's pains commenced to hurt even worse. When the plaintiff asked for additional pain medication he was threatened by the guards who were employees of the Mt. Meigs Diagnostic Center; subsequent thereto the plaintiff who had his crutches removed from him and who was unable to wa⅃ , was transferred to the Baptist Hospital for an operation by Dr. Glenn Barnes, a doctor in Montgomery; that at the time of the transfer and after being in a lock-up for several weeks, plaintiff was unable to walk and had to be removed from lock up in a wheel chair; that after Dr. Barnes operated on his spine, plaintiff was again removed to the Mt. Meigs Diagnostic Center where after approximately two weeks in the hospital ward the plaintiff again was placed in lock up; plaintiff shows that there was no reason for his being placed again in lock up except that while in the hospital ward he had talked to newsmen from the Montgomery newspapers who had been invited to inspect the facilities by the defendants Mracek and Thompson. Plaintiff avers that his being placed in lock up on the second occasion was cruel and unusual punishment for his having made statements to the newsmen which were determential (detrimental) to the public image of the Alabama Prison System, of which Dr. Mracek and Glenn Thompson were part and parcel, and the impressions which the said Defendants were attempting to convey at that time to the general public; that such visit by newsmen came in the aftermath of the finding of this Court in Newman vs. State of Alabama, et al by Judge Frank M. Johnson, Jr." (Parenthetical word added)

The amended complaint further contains allegations that:

"Dr. James Mracek was an employee of the State of Alabama and the Alabama Board of Corrections whose primary duties and functions were the over all operation of the medical facilities at Mt. Meigs, charged with the responsibility of the medical care and treatment of the inmates confined therein; * * *."

The only allegations directly concerned with the Defendant Mracek are that newsmen were invited to inspect the facilities by Dr. Mracek, that Dr. Mracek was part and parcel of the Alabama Prison System, that Dr. Mracek was an employee of the Alabama Board of Corrections of the State of Alabama whose primary duties were the overall operation of the medical facilities at Mt. Meigs, and that he was charged with the responsibility of the medical care and treatment of the inmates confined therein. No misconduct is directly charged to Dr. Mracek. It is not even charged directly that the agents and servants of Dr. Mracek did the acts complained of in the amended complaint.

 It has long been the law in the United States and in Great Britain that a public officer is not responsible for the misfeasances or for the nonfeasances of duty of the sub-agent or servants of

other persons, properly employed by or under him, in the discharge of their official duties. He is officially immune from suit for the conduct of his subordinates which he does not direct or otherwise participate in. Robertson v. Sichel, 127 U.S. 507, 8 S.Ct. 1286, 32 L.Ed. 203; District of Columbia v. Petty, 229 U.S. 593, 33 S.Ct. 881, 57 L.Ed. 1343; State v. Kolb, 201 Ala. 439, 78 So. 817, 1 A.L.R. 218.

The Defendant Mracek moved for a summary judgment and attached thereto a supporting affidavit to the effect that, while he was the Medical Director of the Alabama Prison System at all pertinent times, he had no personal knowledge of the treatment of the Plaintiff; that he was not the admitting or treating physician in Mt. Meigs; that to his best knowledge, he had never seen Plaintiff; that he had not refused to treat him nor otherwise given him cruel or unusual treatment; and that he had no personal knowledge of malpractice or improper treatment practices on the Plaintiff. No affidavits opposing the motion for summary judgment have been filed, though the attorney appointed to represent the Plaintiff did file an unsworn pleading thereto.

■■ In the opinion of this Court, the pleadings, depositions, answers to interrogatories, and admissions on file, if any, together with the affidavits, show that there is no genuine issue as to any material fact in the suit against the Defendant Mracek and that the said Defendant Mracek is entitled to a judgment as a matter of law. When a motion for summary judgment is made and supported as provided by Rule 56, Federal Rules of Civil Procedure, and adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against

him. Rule 56(e), Federal Rules of Civil Procedure. It is, therefore, the

Order, judgment and decree of this Court that summary judgment for Defendant, Dr. James F. Mracek, should issue and that judgment in favor of the said Defendant Mracek should be, and the same is hereby, entered on this the 27th day of March, 1973.